# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER TYRONE LEWIS, | CASE NO. 1:07-cv-519-OWW-DLB (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO SEND COURT DOCUMENT 15 TO PLAINTIFF |
| v. | |
| JOHN TILTON, et al., | ORDER TO SHOW CAUSE |
| Defendants. | (Doc. 15) |
| | **FIFTEEN (15) DAY DEADLINE** |

Plaintiff Homer Tyrone Lewis ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 2, 2007. On March 24, 2008, plaintiff filed a first amended complaint. (Doc. 12). Incorporated by reference is a signed declaration of Inmate Kenneth R. Calihan, Inmate No. F-17158. (Doc. 12, Exh. J).

**Order to Show Cause**

On November 19, 2008, the Court received a letter from Inmate Kenneth R. Calihan, charging plaintiff with falsifying Inmate Calihan's signature and filing a false declaration with the Court. (Doc. 15). Inmate Calihan states that he did not sign the declaration which bears his name and signature.

Federal judges have broad powers to impose sanctions against parties or counsel for improper conduct in litigation. Rule 11(b) of the Federal Rules of Civil Procedure provides that "[b]y presenting to the court a pleading, written motion or other paper - whether by signing, filing,

submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of ligation;...and (3) the factual contentions have evidentiary support, or, if so specifically identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery..." Rule 11(c) provides for the imposition of appropriate sanctions for a violation of Rule 11(b). F.R.C.P. 11(c).

Further, "'courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice.'" Anheuser-Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995) (quoting Wyle v. R. J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983)). "[B]ecause dismissal is so harsh a penalty, it should be imposed only in extreme circumstances." Wyle, 709 F.2d at 589. "It is well-settled that dismissal is warranted where...a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings . . . ." Anheuser-Busch, Inc., 69 F.3d at 348.

The Clerk of the Court is directed to send to plaintiff a copy of Mr. Calihan's letter, filed as Court Document 15. Within **FIFTEEN (15)** days of service of this order, Plaintiff is to show cause why his conduct in preparing and filing the declaration is not in violation of Rule 11 and why sanctions, up to and including dismissal of this action, should not be imposed.

Failure to comply with this court order will result in the recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **November 25, 2008**            **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE