IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER TYRONE LEWIS,<br><br>            Plaintiff,<br><br>    vs.<br><br>JAMES E. TILTON et al.,<br><br>            Defendants.<br>                                             / | CASE NO. 1:07-cv-00519 OWW DLB P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION BE DISMISSED WITH PREJUDICE |

**A.    Background**

Plaintiff Homer Tyrone Lewis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.  Defendants have not yet appeared in this action.

On March 24, 2008, Plaintiff filed a first amended complaint.  (Doc. 12).  Incorporated by reference is a signed declaration of Inmate Kenneth R. Calihan, Inmate No. F-17158.  (Doc. 12, First Amended Complaint, Exh. J).  On November 19, 2008, the Court received a letter from Inmate Kenneth R. Calihan, charging Plaintiff with falsifying Inmate Calihan's signature and filing a false declaration with the Court.  (Doc. 15).  Inmate Calihan states that he did not sign the declaration.

This Court issued an order on November 25, 2008, commanding Plaintiff to show cause why his conduct in preparing and filing the declaration of Inmate Kenneth Calihan is not in violation of Rule 11 and why sanctions, up to and including dismissal of this action, should not be imposed.  Plaintiff was

also advised of the Court's inherent power to impose terminating sanctions. (Doc. 16). Plaintiff was ordered to file a response within fifteen days of service of the order.

On December 12, 2008, Plaintiff filed a motion for a sixty-day extension of time to file his response. (Doc. 17). In his motion, Plaintiff attests that he is housed in Administrative Segregation. Plaintiff attests that he requires additional time to secure a declaration from his witness, Inmate Ernesto Fierro, E-72521, whom is also housed in Administrative Segregation, and has knowledge of the relevant events at issue and will dispute Inmate Calihan's assertions.

A show cause hearing was held in this matter on January 23, 2009 to allow Plaintiff an opportunity to be heard. Plaintiff Homer Lewis was present and testified. Plaintiff's witness inmate Fierro and inmate Calihan also testified. The Court now issues the instant Findings and Recommendations.

**B.     Legal Standard**

    **I.     Rule 11 of the Federal Rule of Civil Procedure**

Federal judges have broad powers to impose sanctions against parties or counsel for improper conduct in litigation. Rule 11(b) of the Federal Rules of Civil Procedure provides that "[b]y presenting to the court a pleading, written motion or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of ligation;...and (3) the factual contentions have evidentiary support, or, if so specifically identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery..." Rule 11(c) provides for the imposition of appropriate sanctions for a violation of Rule 11(b) on any attorney, law firm or party that has violated the rule or is responsible for the violation committed. Any sanction imposed must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. F.R.C.P. 11(c)(4).

    **II.     Court's Inherent Equitable Power**

As Plaintiff was previously informed, "'courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly

administration of justice.'" Anheuser-Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995) (quoting Wyle v. R. J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983)). "[B]ecause dismissal is so harsh a penalty, it should be imposed only in extreme circumstances." Wyle, 709 F.2d at 589. "It is well settled that dismissal is warranted where...a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings . . . ." Anheuser-Busch, Inc., 69 F.3d at 348.

Before imposing a sanction of dismissal, the Court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on its merits; and (5) the availability of less drastic sanctions. Valley Engineers, Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998), cert. denied, 526 U.S. 1064, 119 S.Ct. 1455 (1999); In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996); Henry v. Gill Industries, Inc., 983 F.2d 943, 948 (9th Cir. 1993); United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988); Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112 (1986).

**C.    Discussion**

At issue at the hearing is a three page declaration submitted by Plaintiff as an exhibit to his First Amended Complaint. The first two pages sets forth the purported statements of the declarant Inmate Calihan; the third page bears Inmate Calihan's signature and is dated January 6, 2008. (Doc. 12, Exh. J).

Inmate Calihan testified that he did not prepare the declaration and denied the bulk of the statements contained in the declaration as untrue. Inmate Calihan testified that he had prepared another declaration for use in a separate court proceeding, although he cannot recall the particular proceeding for which it was prepared. Inmate Calihan testified that he believed that the third page of the declaration at issue here, bearing his signature, was detached from his other declaration and used to prepare this purportedly false declaration.

Plaintiff then testified on his own behalf. Plaintiff testified that the declaration at issue is genuine and that Inmate Calihan "confessed" to typing and signing the declaration. Plaintiff testified that he had

told Inmate Calihan that he was suing the defendants named in this action, but did not go into great detail about the lawsuit. When asked by the Court how Inmate Calihan was able to prepare a detailed declaration tailored to the allegations of Plaintiff, Plaintiff testified that Inmate Calihan had learned the details of the lawsuit from Inmate Ernesto Fierro, who had been assisting Plaintiff with the litigation.

Next, Inmate Ernesto Fierro testified that he had drafted Plaintiff's first lawsuit.[1] Inmate Fierro testified that Inmate Calihan showed him the signed declaration in June 2007. Inmate Fierro also testified that he never told Inmate Calihan of the allegations in Plaintiff's complaint, although he may have discussed them once and only briefly with Calihan prior to June 2007. Inmate Fierro explicitly testified that before the declaration was done up, he did not discuss the facts as set forth in the declaration with Inmate Calihan. When questioned about the similarities between the allegations set forth in the complaint and the facts in the declaration, Inmate Fierro testified that he was surprised by the similarities, and assumed that Inmate Calihan knew what was in the complaint by talking with Plaintiff. Inmate Fierro also testified that he did not tell anyone about the lawsuit.

For the reasons set forth in the following paragraph of this Findings and Recommendations, the Court finds that Plaintiff's explanation for the preparation of the declaration by Inmate Calihan are not credible.

First, Inmate Calihan testified that he did not prepare the declaration and that his signature was improperly taken from another document. Second, Plaintiff testified that Inmate Calihan was provided with information about the lawsuit from Inmate Fierro, and was thus able to prepare a declaration helpful to Plaintiff. However, Plaintiff's testimony is directly contradicted by his own witness, Inmate Fierro, who testified that he did not inform Inmate Calihan of the allegations in Plaintiff's complaint. Inmate Fierro also testified that he knew of the declaration as early as June 2007 and that it was signed and dated a few months prior, when the fact is that the declaration at issue was purportedly signed and executed on January 6, 2008. Plaintiff's attempts to explain how Inmate Calihan could have knowledge sufficient to prepare a declaration useful to Plaintiff are simply not credible.

The Court finds that Inmate Calihan did not prepare nor sign the declaration at issue. The Court

---

[1] The Court presumes that witness Inmate Fierro is referring to Plaintiff's first complaint filed in this action, on April 2, 2007. (Doc. 1).

further finds that Plaintiff intentionally and in bad faith made false representations to the court by filing the declaration with his first amended complaint, and also during the hearing held on January 23, 2009 with respect to the authenticity of the declaration. Having found that Plaintiff made false representations to the court, the court turns to the propriety of dismissal as a sanction.

The court does not undertake the imposition of dismissal as a sanction lightly. Wyle, 709 F.2d at 589. However, having considered the availability of lesser sanctions, nothing short of dismissal is appropriate in a situation such as this where there is a close nexus between Plaintiff's misconduct and the merits of his claims. See Anheuser-Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995).

The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since April 2, 2007. The third factor, risk of prejudice to the party seeking sanctions, is inapplicable since defendants have not yet appeared in the action and are not moving for sanctions. However, a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action, and this action has been unnecessarily delayed by Plaintiff's conduct. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, Plaintiff is a prisoner and is proceeding in forma pauperis. The imposition of monetary sanctions would have little or no effect on Plaintiff, and would be a sanction of no consequence. The court could simply disregard the declaration; however, allowing Plaintiff to continue with this action would not deter repetition of such conduct or comparable conduct, and such a sanction would serve only to place Plaintiff back in the position he should have been in - proceeding with his first amended complaint minus the false declaration. Dismissal is the only sanction that adequately redresses the severity of Plaintiff's misrepresentations to this court.

**D.    Conclusion**

Accordingly, the Court HEREBY FINDS that Plaintiff Homer Lewis has intentionally misled the Court, and RECOMMENDS that this action is dismissed, with prejudice, as a sanction for Plaintiff's false representations.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 4, 2009**            **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE